

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,901-01

### EX PARTE RYAN GARCIA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1285698R IN THE CRIMINAL DISTRICT COURT TWO FROM TARRANT COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to one count of aggravated robbery, and was apparently sentenced to two concurrent twenty-year sentences for two paragraphs of the same indictment.

Applicant contends that he has not heard anything about the status of his direct appeal since the filing of a motion for new trial. Applicant also alleges that he never received a copy of the trial court's certification of his right to appeal. There is nothing to indicate that there is, in fact a direct

appeal pending in this case.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with a copy of the trial court's certification of Applicant's right to appeal in this case. The trial court shall make findings of fact as to whether the motion for new trial filed on December 21, 2012 was filed by trial counsel, by Applicant *pro se*, or by appellate counsel, and as to whether the trial court ruled on the motion, or whether it was overruled by operation of law. The trial court shall make findings as to whether Applicant was advised of his right to appeal, and if so, whether he indicated a desire to appeal. The trial court shall make findings of fact as to whether notice of appeal was filed in this case, and whether appellate counsel was appointed. The trial court shall make findings of fact as to whether trial counsel requested and was granted permission to withdraw from the representation, and if so, when. The trial court shall make findings of fact and conclusions of law as to whether Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. The trial court shall also make any other findings of fact and conclusions of law that it

deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 18, 2015
Do not publish